IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFFREY DAVID COOK,

    Plaintiff,

v.                                                                  No. CV 12-cv-00757 LAM/GBW

CITY OF LAS CRUCES,
LAS CRUCES POLICE DEPARTMENT
FNU WILLIAMS, D. SOLIS, T. ALLEN

    Defendant.

## ORDER GRANTING FIRST MOTION TO STRIKE

This matter is before the Court on Defendants' Motion to Strike Verification and Exhibits to Complaint. *Doc. 14*. Although Plaintiff did not file any response after the motion was filed, Plaintiff's Memorandum in Opposition to Defendant's Answer to Complaint does include a brief argument regarding the striking of the exhibits to the Complaint. *See doc. 13* at 13-14, 19. The Court will construe the argument found therein as a response.

Defendants ask the Court to strike "[E]xhibits A through F of [the] complaint." *Doc. 14* at 1. Defendants' correctly point out that the local rules permit exhibits to be attached to a pleading, such as a complaint, only if "the documents attached form the basis for the action or defense." D.N.M.LR-Civ. 10.4. Plaintiff argues that the challenged exhibits do "form the basis for action." *Doc. 13* at 13. The Court disagrees.

Plaintiff's exhibits are as follows: (A) the Tort Claims Act notice sent to Defendants; (B) the letter in which Defendants acknowledge receipt of the notice; (C) Plaintiff's Business License Certificate; (D) a printout of an email purporting to evidence the sale of an engine by

Plaintiff on the online auction site eBay; (E) a printout purporting to detail a proposed "Profiling Policy for Law Enforcement agencies in New Mexico;" and (F) an opinion from the New Mexico court of Appeals. *Doc. 1*, Exs. A-F. Plaintiff's memorandum argues that each of these items is relevant to or helps prove his claim. *Doc. 13* at 13-14. While Plaintiff may be correct, these exhibits do not form the **basis** of the claim as, for example, a contract does in a contract suit. *See* 2 Moore's Federal Practice – Civil § 10.05[2]. In fact, with the exception of the Tort Claims Act notice and receipt, the Complaint does not even refer to the exhibits. Because they are attached in violation of the local rules, the Court will strike Plaintiff's exhibits from his Complaint.[1]

Defendants also ask the Court to strike the verification Plaintiff placed at the end of his complaint. Defendants correctly state that such a "verification" is unnecessary. *See* Fed. R. Civ. P. 11(a). Nonetheless, given the verification itself is not offensive in any way, the Court finds that excision of that one word would be unnecessary and confusing.

WHEREFORE Defendants' Motion to Strike Verification and Exhibits to Complaint (*doc. 14*) will be GRANTED in part as described above.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

---

[1] This ruling does not mean that Plaintiff cannot use these exhibits in future pleadings, such as a response to a motion for summary judgment, if proper under the applicable rules.