IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JEFFREY DAVID COOK,

    Plaintiff,

v.                                                       No. CV 12-cv-00757 LAM/GBW

CITY OF LAS CRUCES,
LAS CRUCES POLICE DEPARTMENT
FNU WILLIAMS, D. SOLIS, T. ALLEN

    Defendant.

## ORDER GRANTING SECOND MOTION TO STRIKE

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Memorandum in Opposition to Defendant's Answer to Complaint. *Doc. 15*. Plaintiff has filed no response. Defendants' motion will be granted as described herein.

Pursuant to this Court's rules, "[a] response must be served and filed within fourteen (14) calendar days after service of [a] motion." D.N.M.LR-Civ 7.4(a). The fourteen day timeframe is calculated with reference to Federal Rules of Civil Procedure 6(a) and (d). *Id*. Pursuant to Rule 6(d), time for response to a motion is extended by three days where the motion was mailed to the party. *See* Fed. R. Civ. P. 6(d) (*citing, inter alia*, Fed. R. Civ. P. 5(b)(2)). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ 7.1(b). Defendants filed the instant motion on October 5, 2012. The deadline for the response fell on October 22, 2012. That day has passed with no response from Plaintiff. As such, he has consented to the Court granting the motion.

Nonetheless, the Court will briefly review the merits of Defendants' motion. Defendants seek to have stricken "Plaintiff's Memorandum in Opposition to Defendant's Answer to Complaint." *See doc. 13*. Defendants are correct that the federal rules do not permit a pleading in opposition to an answer. However, as Plaintiff is proceeding *pro se*, his filings are construed liberally. In part, Plaintiff's filing "asks the Court to deny the Defendants [sic] motion to dismiss…." *Doc. 13* at 20. Therefore, if Defendants had filed a motion to dismiss, the filing would be a proper response to that motion. While no such motion appears on the docket, reviewing Defendants' Answer reveals the source of the confusion. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants properly responded to Plaintiff's Complaint by stating its defense, and admitting or denying the asserted allegations. *See doc. 10*. However, in the final sentence, Defendants "ask[] this Court to dismiss the action and award Defendants their costs and for other such relief the Court deems appropriate." *Id*. at 11. Apparently, Plaintiff understandably interpreted this conclusion to be a motion to dismiss his Complaint. However, this single sentence request fails to comply with the local rule requirement that a "motion … must cite authority in support of the legal positions advanced." D.N.M.LR-Civ. 7.3. As such, this sentence will be stricken from Defendants' Answer. Without a "motion" to which to respond, Plaintiff's memorandum can no longer be considered properly filed as a response. Because the memorandum has no other apparent purpose and because, by not responding the motion to strike, Plaintiff has consented to the motion, the court will grant Defendants' Motion to Strike Plaintiff's Memorandum in Opposition to Defendant's Answer to Complaint (*doc. 15*).

WHEREFORE, it is ORDERED that (1) the last sentence of Defendants' Answer (*doc. 10*) is stricken, and (2) Plaintiff's Memorandum in Opposition to Defendant's Answer to Complaint (*doc. 15*) is stricken.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE